## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

SALVADOR CARUSO,                                    CASE NO. _____

                Plaintiff,

v.

HERCULES MACHINE TOOL AND
DIE, L.L.C.,

                Defendant.

---

| | |
|---|---|
| Connor B. Gallagher  (P82l04) | Michael A. Chichester, Jr.  (P70823) |
| CARLA D. AIKENS, P.C. | LITTLER MENDELSON, P.C. |
| 615 Griswold, Suite 709 | 200 Renaissance Center, Suite 3110 |
| Detroit, Michigan 48226 | Detroit, Michigan 48243 |
| (844) 835-2993 | (313) 446-6400 |
| connor@aikenslawfirm.com | mchichester@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

---

## DEFENDANT HERCULES MACHINE TOOL & DIE LLC'S
## NOTICE OF REMOVAL

Defendant HERCULES MACHINE TOOL & DIE LLC, ("Defendant" or "Hercules"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. 21-281-CD from the Circuit Court for the County of Macomb, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1.     On or about January 25, 2021, Plaintiff Salvador Caruso ("Plaintiff")

filed a Complaint in the Circuit Court for the County of Macomb, State of Michigan,

styled *Salvador Caruso vs Hercules Machine Tool and Die L.L.C.*, Case No. 21-281-

CD (the "State Court Action").

2.     Service of a Summons and Plaintiff's Complaint ("Complaint") by

certified mail, was effected upon Defendant on February 22, 2021, copies of which

are attached hereto as Exhibit 1.

3.     The aforesaid documents (Exhibit 1) constitute all process, pleadings

and orders served upon Defendant in this action.

4.     The Complaint purports to assert two causes of action against Hercules,

arising under the Michigan Whistleblowers' Protection Act, MCL 15.361 *et seq.*

("WPA") and Wrongful Discharge in Violation of Michigan Public Policy.

(Compl. ¶¶ 19-33.)

5.     The relief Plaintiff seeks includes, *inter alia*, actual damages, emotional

distress damages, exemplary and punitive damages, as well as attorney fees, costs,

and interest. (Compl. ¶ 33; p. 5, "Relief Requested" paragraph.)

## DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332

6.     This action is one of which this Court has original jurisdiction under

the provisions of Title 28, United States Code, Section 1332 (diversity), and is one

which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states, as more fully shown below:

      a.      At the time such action was instituted in the Circuit Court for Macomb County in the State of Michigan, and at the present time, Plaintiff is and has been a citizen of the State of Michigan. (Compl. ¶ 1.)

      b.      At the time such action was commenced, and at the present time, Hercules Machine Tool & Die LLC, was and is a Limited Liability Company organized under the laws of Michigan. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members, rather than the state where it is organized. *See Yarber v. M.J. Elec., LLC,* 824 F. App'x. 407, 409–10 (6th Cir. 2020); *VeriCorr Packaging, LLC v. Osiris Innovations Grp., LLC,* 501 F. Supp. 2d 989 (E.D. Mich. 2007).

      c.      Hercules Machine Tool & Die LLC, is comprised of a sole member, Enprotech Corp., which is a Delaware corporation and has its principal place of business in Ohio.

      d.      Since Enprotech is the sole member of Hercules Machine Tool & Die LLC, and it is not a citizen of Michigan, complete diversity exists.

e.      While Plaintiff's Complaint seeks damages in an unspecified amount, the allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is seeking damages well in excess of $75,000.00.

f.      Hercules employed Plaintiff for less than six months in 2020, and terminated his employment in October 2020. (Compl. ¶¶ 7, 13). Plaintiff now alleges that he was retaliated against for engaging in alleged protected activity. (Compl. ¶¶ 19-33.)

g.      Plaintiff's unspecified injuries and damages include "actual damages, compensatory damages, emotional damages, and damages to his reputation in his community and in his profession." (Compl. ¶ 25, p. 5 "Relief Requested" paragraph). During Plaintiff's less than six months as a helper with Defendant, he earned roughly $23,456.19 in wages, or approximately $917/week. Thus, Plaintiff has accrued approximately $19,260 in potential back pay damages since his employment termination, and his lost earnings continue to accrue at a rate of approximately $917 per week.

h.      The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending September 30, 2020, the median interval from filing to trial in civil cases in the Eastern District of Michigan was 31 months. Should this case proceed to

4

trial in June 2023, Plaintiff's alleged lost wages through that date will total approximately $133,000.

        i.     In addition, damages available to a plaintiff in a WPA action include potential reinstatement, back pay, front pay, noneconomic damages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A Plaintiff may also recover attorney's fees under the WPA. Damages available for termination in violation include backpay, frontpay, payment for lost benefits, and noneconomic damages.

        j.     Taking Plaintiff's claims for lost wages and benefits and emotional distress damages together, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and thus the amount in controversy requirement is satisfied. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

7.     Defendant's Notice of Removal is timely as it was filed within thirty (30) days of service of the summonses and complaint, pursuant to 28 U.S.C. § 1446(b).

8.     Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the Macomb County Circuit Court.

## CONCLUSION

By this Notice of Removal, Defendant Hercules Tool & Die LLC does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Defendant Hercules Tool & Die LLC intends no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Dated: March 22, 2021

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr. (P70823)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 202-3254
mchichester@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on March 22, 2021, via:

| | | | |
|---|---|---|---|
| X | U. S. Mail | | Facsimile |
| | ECF Filing | | Hand Delivery |
| X | E-Mail | | Federal Express |

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.