# EXHIBIT 1

FILED by Macomb County Circuit Court
2/9/2021 1:54:30 PM
Service Submitted and File
Approved, SCAO

Case 2:21-cv-10636-GCS-RSW   ECF No. 1-1, PageID.8   Filed 03/22/21   Page 2 of 8

2021-000281-CD
CARUSO, SALVA

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 16th District | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 2021-281-CD |

**Court address**
40 N Main St, Mount Clemens, MI 48043

**Court telephone no.**
(586) 469-5208

| Plaintiff's name(s), address(es), and telephone no(s).<br>SALVADOR CARUSO | v | Defendant's name(s), address(es), and telephone no(s).<br>HERCULES MACHINE TOOL AND DIE LLC<br>13920 EAST 10 MILE ROAD<br>WARREN, MI 48089 USA |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Carla D. Aikens, P.C.<br>Connor B. Gallagher (P82104)<br>615 Griswold Street, Suite 709<br>Detroit MI 48226 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 02/09/2021 | 05/11/2021 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.
COUNTY CLERK   02/12/2021

MC 01  (9/19)  **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

SALVADOR CARUSO,   )
)
    PLAINTIFF,   )   CIVIL ACTION NO. 21-281-CD
)
    VS.   )   HON. JULIE GATTI
)
HERCULES MACHINE TOOL AND   )
DIE L.L.C.   )
)
    DEFENDANT.   )
_____)

*There are no prior matters nor are any other matters pending between these parties.*

## COMPLAINT

PLAINTFF, SALVADOR CARUSO, by and through his attorneys, CARLA D. AIKENS, P.C., submits the following Complaint against DEFENDANT HERCULES MACHINE TOOL AND DIE, L.L.C.

## JURY DEMAND

COMES NOW PLAINTIFF, SALVADOR CARUSO, and hereby makes his demand for trial by jury.

## JURISDICTION

1. At all times relevant to this action, Plaintiff was a resident of Macomb County in the State of Michigan.

2. Defendant is a domestic profit corporation with a systematic and continuous place of business located at 13920 E. Ten Mile Rd., Warren, Michigan 48089, in Macomb County.

3. All relevant actions giving rise to this complaint took place in Macomb County, State of Michigan.

1

4.  This Court has jurisdiction over this action pursuant to M.C.L. § 15.363.[1]

5.  All actions giving rise to this complaint took place in Macomb County, State of Michigan.

## VENUE

6.  Venue is proper in the Circuit Court for the County of Macomb because this is the county in which all unlawful actions giving rise to Plaintiff's claims occurred, it is the county in which the claimant resides, and it is the county in which Defendant resides or has their principal place of business.

## STATEMENT OF FACTS

7.  On April 30, 2020, Plaintiff was hired by Defendant Hercules Tool and Die as a helper.

8.  Immediately, Plaintiff joined the union and began paying union dues.

9.  Defendant was forcing its employees to work in violations of mandatory COVID-19 protocols established by then-in-place orders from Governor Gretchen Whitmer.

10. Plaintiff, along with his co-workers, were vocal about their disapproval of Defendant's refusal to comply with the mandatory safety protocol.

11. Plaintiff's union sent Defendant a letter advising it of the laws that it was breaking related to the operations of its facilities related to the mandatory COVID-19 protocol, and health and safety regulations that have been established by OSHA.

---

[1] M.C.L. § 15.363 states, in pertinent part:
(1) A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act.
(2) An action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has his or her principal place of business.

2

12. Plaintiff assisted and provided information to his union so that the letter could be sent to Defendant, and his name was included on the letter.

13. Thereafter, on October 27, 2020, which was Plaintiff's 180th day of employment, he was terminated without cause and only told that because he was at-will for the first 180 days, Defendant was not required to provide a reason.

14. Plaintiff believes that he was not given a reason because, in fact, Defendant terminated Plaintiff for his complaints to Defendant and the union related to the conditions of the workplaces and the fact that those conditions were in violations of OSHA and other applicable COVID-19-related laws.

15. Plaintiff was the only individual terminated by Defendant, and he was the only individual who was in his first 180 days with the union, and only union-member terminated by Defendant.

16. According to Plaintiff's union and Defendant, no employee who was employed for less than 90-days was permitted the benefits of the grievance procedure.

17. Accordingly, despite multiple attempts by Plaintiff, his union would not file a grievance on his behalf related to his termination.

18. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I
### Violations of the Michigan Whistleblowers' Protection Act, M.C.L. 15.361 et seq. ("WPA")

19. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

20. At all relevant times, Plaintiff was an employee, and Defendant was his employer pursuant to and within the meaning of the WPA, MCL 15.361 et seq.

21. Plaintiff engaged in protected activity, as alleged in the statement of facts; however, specific instances include, but are not limited to:

    A. Raising concerns to his supervisors and management related to the fact that Defendant's workplace had rampant violations of OSHA and other COVID-19-related laws;

    B. Complained to his union and assisted his union in drafting a letter to Defendant related to their violations of OSHA and other COVID-19-related protocol and laws;

    C. All protected activity that is found in discovery.

22. Plaintiff was subsequently discriminated and retaliated against, culminating into his termination.

23. At least a causal connection exists between the protected activity that Plaintiff engaged in and the discrimination and retaliation he was forced to endure.

24. Defendant may assert that it has a legitimate, nondiscriminatory reason for its adverse action; however, this reason is pretextual and, instead, the adverse employment decision was because of Plaintiff's participation in the protected activity stated above, as more thoroughly laid out in the statement of facts.

25. As a result of Defendant's discriminatory and adverse employment actions, Plaintiff suffered actual damages, compensatory damages, emotional damages, and damages to his reputation in his community and in his profession.

26. Plaintiff has been damaged by Defendant in an amount to be proven at trial.

27. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## WRONGFUL DISCHARGE IN VIOLATION OF MICHIGAN PUBLIC POLICY

28. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

29. It is the longstanding public policy of the State of Michigan that there are three exceptions to the employment at-will doctrine, and an employee can be found to be liable for wrongful discharge, they are:

4

> (1) explicit legislative statements prohibiting the discharge, discipline or other adverse treatment of employees who act in accordance with a statutory right or duty;
> (2) where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course or employment; and
> (3) where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.[2]

30. Defendant's actions and Plaintiff's termination, as alleged in the statement of facts, violates all three sections the public policy exceptions to termination in the state of Michigan.

31. OSHA laws as well as Governor Whitmer's multiple executive orders were being violated on-site by Defendant, and, Plaintiff's termination was because of his known disapproval to these violations.

32. As a result of Defendant's actions, and consequent harms caused, Plaintiff has suffered such damages in an amount to be proven at trial.

33. Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

PLAINTIFF, SALVADOR CARUSO, RESPECTFULLY REQUESTS that this Court enter judgment against Defendant as follows:

1. Actual damages in whatever amount to which Plaintiff is entitled;
2. Damages for emotional distress in whatever amount to which Plaintiff is entitled;
3. Exemplary damages in whatever amount to which Plaintiff is entitled;
4. Punitive Damages in whatever amount to which Plaintiff is entitled;
5. An award of interest, costs, and reasonable attorney fees; and
6. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: January 25, 2021

---

[2] *Suchodolski v. Mich. Consol. Gas Co.*, 412 Mich. 692, 695-96 (1982).

Respectfully Submitted,

*/s/ Connor B. Gallagher*
Connor B. Gallagher (P82104)
CARLA D. AIKENS, P.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
connor@aikenslawfirm.com