# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

SALVADOR CARUSO,　　　　　　　　　　　CASE NO. 21-CV-10636

　　　　　Plaintiff,　　　　　　　　　　　HON. GEORGE CARAM STEEH

v.　　　　　　　　　　　　　　　　　　　MAG. R. STEVEN WHALEN

HERCULES MACHINE TOOL AND
DIE, L.L.C.,

　　　　　Defendant.

---

| | |
|---|---|
| Connor B. Gallagher  (P82l04) | Michael A. Chichester, Jr.  (P70823) |
| CARLA D. AIKENS, P.C. | LITTLER MENDELSON, P.C. |
| 615 Griswold, Suite 709 | 200 Renaissance Center, Suite 3110 |
| Detroit, Michigan 48226 | Detroit, Michigan 48243 |
| (844) 835-2993 | (313) 446-6400 |
| connor@aikenslawfirm.com | mchichester@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

　　　　Defendant Hercules Machine Tool & Die LLC, through its attorneys, Littler Mendelson, P.C., and for its answer and affirmative and other defenses to Plaintiff Salvador Caruso's Complaint and Jury Demand, states the following.

## JURISDICTION

　　　　1.　　At all times relevant to this action, Plaintiff was a resident of Macomb County in the State of Michigan.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence and, therefore, denies the allegations in Paragraph 1 of the Complaint.

2. Defendant is a domestic profit corporation with a systematic and continuous place of business located at 13920 E. Ten Mile Rd., Warren, Michigan 48089, in Macomb County.

**ANSWER**: Denied as alleged. Defendant admits only that it currently maintains a place of business located at 13920 East Ten Mile Road, Warren, Michigan. Defendant denies the remaining allegations in Paragraph 2 of the Complaint because they are untrue.

3. All relevant actions giving rise to this complaint took place in Macomb County, State of Michigan.

**ANSWER**: Denied as alleged. Defendant acknowledges that Plaintiff's Complaint asserts that conduct occurred within Macomb County, however, Defendant denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff.

4. This Court has jurisdiction over this action pursuant to M.C.L. § 15.363.[1]

---

[1] M.C.L. § 15.363 states, in pertinent part:
(1) A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged

2

**ANSWER**: Defendant does not contest the United States District Court for the Eastern District of Michigan's jurisdiction to hear this matter.

5. All actions giving rise to this complaint took place in Macomb County, State of Michigan.

**ANSWER**: Denied as alleged. Defendant acknowledges that Plaintiff's Complaint asserts that conduct occurred within Macomb County, however, Defendant denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff.

## VENUE

6. Venue is proper in the Circuit Court for the County of Macomb because this is the county in which all unlawful actions giving rise to Plaintiff's claims occurred, it is the county in which the claimant resides, and it is the county in which Defendant resides or has their principal place of business.

**ANSWER**: Defendant does not contest that the United States District Court for the Eastern District of Michigan is an appropriate venue for this matter.

---

violation of this act.
   (2) An action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has his or her principal place of business.

## **STATEMENT OF FACTS**

7. On April 30, 2020, Plaintiff was hired by Defendant Hercules Tool and Die as a helper.

**ANSWER**: Denied as alleged. Defendant admits that it hired Plaintiff as a helper, but denies the remaining allegations contained in Paragraph 7 of the Complaint because they are untrue.

8. Immediately, Plaintiff joined the union and began paying union dues.

**ANSWER**: Denied as alleged. Defendant admits only that upon employment Plaintiff began paying dues. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint because they are untrue.

9. Defendant was forcing its employees to work in violations of mandatory COVID-19 protocols established by then-in-place orders from Governor Gretchen Whitmer.

**ANSWER**: Defendant denies the allegations contained in Paragraph 9 of the Complaint because they are untrue.

10. Plaintiff, along with his co-workers, were vocal about their disapproval of Defendant's refusal to comply with the mandatory safety protocol.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10 of the Complaint because they are untrue.

11. Plaintiff's union sent Defendant a letter advising it of the laws that it was breaking related to the operations of its facilities related to the mandatory COVID-19 protocol, and health and safety regulations that have been established by OSHA.

**ANSWER**: Defendant denies the allegations contained in Paragraph 11 of the Complaint because they are untrue.

12. Plaintiff assisted and provided information to his union so that the letter could be sent to Defendant, and his name was included on the letter.

**ANSWER**: Denied as alleged. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff provided information to the union and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint because they are untrue.

13. Thereafter, on October 27, 2020, which was Plaintiff's l80th day of employment, he was terminated without cause and only told that because he was at-will for the first 180 days, Defendant was not required to provide a reason.

**ANSWER**: Defendant admits only that Plaintiff was terminated and, at the time of his termination, Plaintiff was employed at-will. Defendant denies the remaining allegations contained in Paragraph 13 because they are untrue.

14. Plaintiff believes that he was not given a reason because, in fact, Defendant terminated Plaintiff for his complaints to Defendant and the union related to the conditions of the workplaces and the fact that those conditions were in violations of OSHA and other applicable COVID-19-related laws.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as to what he believes and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint because they are untrue.

15. Plaintiff was the only individual terminated by Defendant and he was the only individual who was in his first 180 days with the union, and only union-member terminated by Defendant.

**ANSWER**: Defendant denies the allegations contained in Paragraph 15 of the Complaint because they are untrue.

16. According to Plaintiff's union and Defendant, no employee who was employed for less than 90 days was permitted the benefits of the grievance procedure.

**ANSWER**: Denied as alleged. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning communications between Plaintiff and the union and, therefore, denies same. Defendant admits that no grievance was submitted on Plaintiff's behalf.

17. Accordingly, despite multiple attempts by Plaintiff, his union would not file a grievance on his behalf related to his termination.

**ANSWER**: Denied as alleged. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations as concerning communications between Plaintiff and the union and, therefore, denies same. Defendant admits that no grievance was submitted on Plaintiff's behalf.

18. Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER**: Defendant acknowledges that Plaintiff seeks the relief described, but denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff or entitle him to any relief whatsoever.

## COUNT I

### VIOLATIONS OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT, M.C.L. 15.361, et seq., ("WPA")

19. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

**ANSWER**: Defendant restates and incorporates, as if fully set forth herein, its answers to all allegations in the preceding paragraphs.

20. At all relevant times, Plaintiff was an employee, and Defendant was his employer pursuant to and within the meaning of the WPA, MCL 15.361 et seq.

**ANSWER**: Paragraph 20 of the Complaint contains a statement of law and/or legal argument to which no response is required.

7

21. Plaintiff engaged in protected activity, as alleged in the statement of facts; however, specific instances include, but are not limited to:

    A. Raising concerns to his supervisors and management related to the fact that Defendant's workplace had rampant violations of OSHA and other COVID-19-related laws;

    B. Complained to his union and assisted his union in drafting a letter to Defendant related to their violations of OSHA and other COVID-19-related protocol and laws;

    C. All protected activity that is found in discovery.

**ANSWER**: Defendant denies the allegations contained in Paragraph 21, inclusive of subparts A. – C., because they are untrue.

22. Plaintiff was subsequently discriminated and retaliated against culminating into his termination.

**ANSWER**: Defendant denies the allegations contained in Paragraph 22 of the Complaint because they are untrue.

23. At least a causal connection exists between the protected activity that Plaintiff engaged in and the discrimination and retaliation he was forced to endure.

**ANSWER**: Defendant denies the allegations contained in Paragraph 23 of the Complaint because they are untrue.

24. Defendant may assert that it has a legitimate, nondiscriminatory reason for its adverse action; however, this reason is pretextual and, instead, the adverse employment decision was because of Plaintiff's participation in the protected activity stated above, as more thoroughly laid out in the statement of facts.

**ANSWER**: Denied as alleged. Defendant admits only that it may assert a legitimate, nondiscriminatory reason for terminating Plaintiff. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint because they are untrue.

25. As a result of Defendant's discriminatory and adverse employment actions, Plaintiff suffered actual damages, compensatory damages, emotional damages, and damages to his reputation in his community and in his profession.

**ANSWER**: Defendant denies the allegations contained in Paragraph 25 of the Complaint because they are untrue.

26. Plaintiff has been damaged by Defendant in an amount to be proven at trial.

**ANSWER**: Defendant denies the allegations contained in Paragraph 26 of the Complaint because they are untrue.

27. Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER**: Defendant acknowledges that Plaintiff seeks the relief described, but denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff or entitle him to any relief whatsoever.

## COUNT II

### WRONGFUL DISCHARGE IN VIOLATION OF MICHIGAN PUBLIC POLICY

28. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

**ANSWER**: Defendant restates and incorporates, as if fully set forth herein, its answers to all allegations in the preceding paragraphs.

29. It is the longstanding public policy of the State of Michigan that there are three exceptions to the employment at-will doctrine, and an employer can be found to be liable for wrongful discharge, they are:

(1) explicit legislative statements prohibiting the discharge, discipline or other adverse treatment of employees who act in accordance with a statutory right or duty;

(2) where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course or employment; and

(3) where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.[2]

**ANSWER**: Paragraph 29 of the Complaint contains statements of law and/or legal arguments to which no response is required.

30. Defendant's actions and Plaintiff's termination, as alleged in the statement of facts, violate all three sections the public policy exceptions to termination in the state of Michigan.

**ANSWER**: Defendant denies the allegations contained in Paragraph 30 of the Complaint because they are untrue.

31. OSHA laws as well as Governor Whitmer's multiple executive orders were being violated on-site by Defendant, and, Plaintiff's termination was because of his known disapproval to these violations.

**ANSWER**: Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. As a result of Defendant's actions, and consequent harms caused, Plaintiff has suffered such damages in an amount to be proven at trial.

**ANSWER**: Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Plaintiff requests relief as described in the Prayer for Relief below.

---

[2] *Suchodolski v. Mich. Consol. Gas Co.*, 412 Mich. 692, 695-96 (1982).

**ANSWER**: Defendant acknowledges that Plaintiff seeks the relief described, but denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff or entitle him to any relief whatsoever.

## RELIEF REQUESTED

PLAINTIFF, SALVADOR CARUSO, RESPECTFULLY REQUESTS that this Court enter judgment against Defendant as follows:

1. Actual damages in whatever amount to which Plaintiff is entitled;

2. Damages for emotional distress in whatever amount to which Plaintiff is entitled;

3. Exemplary damages in whatever amount to which Plaintiff is entitled;

4. Punitive damages in whatever amount to which Plaintiff is entitled;

5. An award of interest, costs, and reasonable attorney fees; and

6. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

**ANSWER**: Defendant acknowledges that Plaintiff seeks the relief described, but denies engaging in any conduct that would give rise to a cause of action on the part of Plaintiff or entitle him to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that they bear any burden of proof as to any of them, Defendant asserts the following affirmative and/or special defenses to Plaintiff's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action.

## FIRST DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant affirmatively pleads that it is not liable for damages, including punitive or exemplary damages, because the actions taken with respect to Plaintiff were at all times motivated by good faith and not in connection with any improperly motivated factor; were based on legitimate, non-discriminatory considerations; and were job-related and consistent with business necessity.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was careless, negligent, and otherwise at fault in the matters alleged in the Complaint, and the resulting injuries sustained by Plaintiff, if any, were proximately caused and contributed by Plaintiff.

## FOURTH DEFENSE

Defendant affirmatively pleads that to the extent Plaintiff failed to mitigate his damages, his claims for lost wages or back pay and/or future wages or front pay should be denied or, in the alternative, reduced.

## FIFTH DEFENSE

Defendant had legitimate, non-retaliatory business reasons for all of the conduct alleged by Plaintiff and there is no evidence that any of those reasons were a pretext for unlawful discrimination.

## SIXTH DEFENSE

Even if there were evidence of retaliatory motivation (and there is not), Plaintiff would have been treated the same absent such motivation.

## SEVENTH DEFENSE

Plaintiff did not engage in any protected activity.

## EIGHTH DEFENSE

There is no causal connection between any protected activity in which Plaintiff allegedly engaged and any adverse employment action taken with respect to Plaintiff.

## NINTH DEFENSE

If Plaintiff is found to have engaged in terminable misconduct in his acquisition of and/or during his employment with Defendant, the after-acquired evidence doctrine bars Plaintiff from recovering any front pay damages or obtaining

reinstatement to his employment with Defendant, and any back pay damages are limited to the period between Plaintiff's alleged unlawful conduct and Defendant's discovery of Plaintiff's misconduct.

## TENTH DEFENSE

Some or all of Plaintiff's claims may be barred by applicable statutes of limitation.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

## TWELFTH DEFENSE

Defendant relies on all other defenses afforded to them under the statutes identified in Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Plaintiff's allegations do not amount to willful conduct. To the extent, if any, that Defendant is found to have violated any statute with respect to Plaintiff's Complaint (which Defendant denies), said violations were not willful.

## FOURTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent that he failed to comply with jurisdictional, procedural, and administrative prerequisites for filing this action or if his claims otherwise exceed the scope of any charge filed.

## FIFTEENTH DEFENSE

Defendant affirmatively pleads that, to the extent this suit is frivolous, unreasonable, or without foundation, Defendant is entitled to recover its costs and attorneys' fees from Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff has failed to join all claims against Defendant.

## RELIANCE ON JURY DEMAND

Defendant, by its attorneys, relies upon Plaintiff's jury demand only to the extent that it demands a trial by jury as to any question of fact.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. For an order dismissing Plaintiff's claims with prejudice and entering judgment in favor of Defendant and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with this matter; and,

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

| | |
|---|---|
| Dated: March 26, 2021 | */s/ Michael A. Chichester, Jr.* |
| | Michael A. Chichester, Jr. (P70823) |
| | LITTLER MENDELSON, P.C. |
| | 200 Renaissance Center, Suite 3110 |
| | Detroit, Michigan 48243 |
| | (313) 202-3254 |
| | mchichester@littler.com |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on March 26, 2021, via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.

17